UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

GUY JEROME EVANS,

        Defendant.
_____/

Case No. 18-20826-2

Hon. George Caram Steeh

ORDER DENYING DEFENDANT'S MOTION
FOR SENTENCE MODIFICATION (ECF NO. 63, 81)

This matter is before the Court on defendant Guy Jerome Evans' motion for sentence modification to reflect the Court's intent at the time of sentencing. ECF No. 81. Defendant seeks a modification to account for 217 days he spent in federal pre-judgment custody and proposes three different paths for the Court to award the requested credit. Because the Court did not intend for defendant to receive credit for the time he was in custody before his sentence was imposed, for which he received credit toward his state parole violation, the Court denies defendant's motion in its entirety.

In December 2018, defendant was charged with a series of pharmacy burglaries and possession with the intent to distribute the controlled

-1-

substances he stole from the pharmacies. He committed those offenses while on parole for home invasion, felony firearm, and fleeing and eluding a police officer. In January 2019, defendant was arrested and detained by state authorities for his violation of parole. A writ of habeas corpus was issued, and defendant appeared in federal court on February 1, 2019. On June 18, 2019, defendant pleaded guilty to one count of conspiracy to distribute controlled substances.

     Defendant faced a guideline range of 70 to 87 months' imprisonment. During his sentencing hearing, his counsel requested the Court vary from the guidelines and impose a sentence of 36 months. The Court declined this request and explained that a within guideline sentence was necessary to reflect the seriousness of the offense and to deter defendant and others similarly situated. On October 29, 2019, the Court sentenced defendant to 70 months' imprisonment.

     In its judgment, the Court ordered the sentence to be served concurrently with defendant's "undischarged Michigan Department of Corrections sentence." ECF No. 51. The Bureau of Prisons calculated defendant's federal sentence to begin on the day he was sentenced and run concurrent to the undischarged portion of his violation of parole

sentence. At the crux of defendant's motion is that he believes the Court intended for him to receive credit for the 217 days he served in custody while awaiting sentencing on his federal case.

At the time of sentencing, this Court was aware that defendant was on a writ from the state, where he was serving time on a parole violation. Pursuant to 18 U.S.C. § 3585, defendant was ineligible for credit against his federal sentence because he was earning credit against the state parole violation. "The Sixth Circuit has consistently held that if a prisoner has received credit towards his state sentence for time spent in detention, he may not also receive prior custody credit toward his federal sentence for the same period of time." *United States v. Cole*, No. 1:12-CR-372-1, 2020 WL 5077019, at *3 (N.D. Ohio Aug. 27, 2020) (citing *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Garrett v. Snyder*, 41 F. App'x 756, 757 (6th Cir. 2020). In addition, this Court is aware that while it can adjust sentences through departures or variances to reflect time spent in custody, "only the Bureau of Prisons, and not the district court, is authorized to grant credit for time served under 18 U.S.C. § 3585(b)." *United States v. Jefferson*, 507 Fed. Appx. 509, 510 (6th Cir. 2012) (citing *United States v. Crozier*, 259 F.3d 503 (6th Cir. 2001)).

The Court's intention at sentencing was to impose a within guidelines sentence that runs concurrently to the undischarged portion of defendant's state violation of parole sentence. This is in line with the way the Bureau of Prisons is executing the Court's judgment. Therefore, defendant's request for a modification of sentence is DENIED.

Defendant next argues that he should be granted compassionate release for a variety of reasons. Defendant bases his request on the fact that he did not get credit on his parole violation and that he has not had access to programming due to the COVID-19 pandemic. The Court finds that these situations do not meet the compassionate release statute's eligibility threshold of being "extraordinary or compelling" reasons. The Court has already explained that its intention regarding the calculation of credit for time spent in custody before his conviction is consistent with the interpretation applied by the Bureau of Prisons. *See United States v. White*, No. 1:19 CR 00371, 2022 WL 1028826, at *1 (N.D. Ohio Apr. 6, 2022) ("Defendant fails to provide any legal authority to support his claim that the failure of BOP to properly commute his sentence should satisfy the standard of extraordinary and compelling under compassionate release."). Furthermore, the circumstances of defendant's custody during the

pandemic are substantially similar to those of most prisoners incarcerated by the Bureau of Prisons.

Next, defendant argues he should be released from custody to care for his mother. However, defendant does not explain how his mother receives care now and whether his release is required to provide that care. "[R]eleasing an inmate to provide care for a parent is unwarranted if the record lacks sufficient details regarding the inmate's parent's current care arrangements and information that the inmate's 'help is truly needed.'" *United States v. Johnson*, No. 11-20493, 2021 WL 822495, at *4 (E.D. Mich. Mar. 4, 2021) (quoting *United States v. Woolfork*, No. 19-12, 2021 WL 210451, at *3 (S.D. Ohio Jan. 21, 2021). Nor does defendant explain how his situation differs from many other prisoners whose families encounter hardship while they are in prison. For these reasons, defendant's motion for compassionate release is DENIED.

Defendant's final argument is that his trial counsel was ineffective under 28 U.S.C. § 2255. To prevail on a § 2255 motion, "[f]irst, the defendant must show that counsel's performance was deficient." *Strickland v, Washington*, 466 U.S. 688, 687 (1984). "Second, the defendant must show that the deficient performance prejudiced the defense." *Id*. To establish deficient performance, a defendant must show that "counsel's

-5-

representation fell below the objective standard of reasonableness." *Lint v. Preselnik*, 542 Fed. App'x 473, 475 (6th Cir. 2013) (citing *Strickland*, 466 U.S. at 688). To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In this case, defendant's trial counsel filed a sentencing memorandum and advocated for a 36-month sentence, which would have required a 34-month downward variance from the guidelines. The Court declined to vary defendant's sentence, not because counsel was ineffective, but because shorter sentences had not deterred defendant in the past. As for defendant's argument that his counsel was ineffective for failing to explain to the Court that he would not receive credit against both his state sentence and federal sentence, this is something the Court already knew. There can be no prejudice because the Court did not intend that defendant would receive credit toward his federal sentence for the time he had already served prior to his sentencing. For these reasons, defendant's motion for relief under 28 U.S.C. § 2255 due to ineffective assistance of counsel is DENIED.

IT IS HEREBY ORDERED that defendant's motion for modification of sentence (ECF No. 63, 81) is DENIED.

Dated:  May 17, 2022

>	s/George Caram Steeh
>	GEORGE CARAM STEEH
>	UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 17, 2022, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk

---