UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                            Case No. 18-CR-20826

v.                                       District Judge George Caram Steeh II
                                            Magistrate Judge Kimberly G. Altman

GUY JEROME EVANS,

      Defendant.
_____/

## ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING

Defendant Guy Jerome Evans is before the Court on the government's motion for his detention pending a hearing on charges that he violated the terms of his supervised release. On June 24, 2024, the Court conducted a detention hearing pursuant to Fed. R. Crim. P. 32.1(a)(6). Although the Court explained its reasons for detention on the record at the detention hearing, this Order supplements the Court's reasons. For the reasons which follow, the government's motion is granted.

**Factual Background**

On October 28, 2019, Defendant was sentenced to 70 month incarceration and three years of supervised release following his conviction for conspiracy to possess with the intent to distribute controlled substances, in violation of 21 U.S.C.

§ 841.  His sentenced was later reduced to 57 months.  His three-year term of supervision began on February 1, 2024.

According to the violation report filed on June 14, 2024, Defendant is alleged to have violated the terms of his supervised release by engaging in new criminal activity.  Defendant was arrested on June 11, 2024 and charged with breaking and entering and released on a personal bond.  As the government explained in its proffer, the charges stem from a robbery at a Doller General store and there is some evidence that Defendant was involved in other prior similar robberies.  Although Part II of the violation report was not completed prior to the hearing, the Court was also informed that Defendant has tested positive for controlled substances three times and his general adjustment to supervision has been poor.  Also as the government noted, Defendant has been under state supervisor before, and is currently on parole.  While under state supervision, Defendant absconded several times and twice cut his tether.

A hearing on the supervised release petition is scheduled before Judge Steeh on July 24, 2024.

**Analysis**

Because Defendant is before the Court on alleged violations of supervised release, this proceeding is governed by the standard set forth in Federal Rule of Criminal Procedure 32.1.  Under Rule 32.1(a)(6), a magistrate judge may release

or detain a defendant under 18 U.S.C. § 3143(a)(1) pending further proceedings. Section 3143(a)(1), in turn, requires detention "unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 8 U.S.C. § 3143(a)(1). The burden of establishing by clear and convincing evidence that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant. Fed. R. Crim. P. 32.1(a)(6).

The government argues that Defendant has not meet his burden as to flight or danger. The Court agrees. As the Court noted at the hearing, Defendant has a poor history of compliance while under state supervision. While that conduct may have happened years ago, it is still relevant. Also, Defendant has been under federal supervision for only a few short months before being charged with a serious violation with new criminal activity and has also not complied with other terms such as not using drugs. Although he was given bond in state court and the parole board is set to release him on a tether, Defendant is under federal supervision after having been convicted of a serious offense. The only way to assure Defendant's appearance and safety and those in the community is for Defendant to remain in custody pending the hearing. In sum, although the Court is not unsympathetic to Defendant, he has not met the high burden for being released pending a hearing on supervised release violations. Fed. R. Crim. P. 32.1(a)(6).

3

**Accordingly, Detention is Ordered.**

Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of a United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

Dated: June 24, 2024                       s/Kimberly G. Altman
Detroit, Michigan                             KIMBERLY G. ALTMAN
                                                  United States Magistrate Judge