**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

v.

GUY JEROME EVANS,

               Defendant.

_____/

Case No. 2:18-cr-20826-2

Hon. Brandy R. McMillion
United States District Judge

**OPINION AND ORDER DENYING MOTION**
**FOR COMPASSIONATE RELEASE (ECF NO. 161)**

This matter is before the Court upon Defendant Guy Jerome Evans' ("Defendant") *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A).  ECF No. 16.  For reasons set forth below, the Court will deny this Motion for lack of exhaustion, lack of an extraordinary and compelling reason for a sentence reduction, and because the 18 U.S.C. § 3553(a) factors do not warrant a sentence reduction.

**I.**

In October 2019, Defendant pleaded guilty to conspiracy to possess with intent to distribute controlled substances.  *See* ECF No. 34.  The Honorable George Caram Steeh sentenced the Defendant to 70 months of incarceration to run concurrently to the Defendant's undischarged MDOC sentence, followed by a

1

supervised release term of three years.  ECF No. 51, PageID.210-211.  Defendant appealed this sentence to the Sixth Circuit, which dismissed the appeal as untimely. *United States v. Evans*, No. 20-1039, slip op. (6th Cir. July 20, 2020), Dkt. No. 19. Subsequent to the appeal, the Defendant successfully moved for a reduction of sentence, and the Court reduced his sentence to 57 months.  ECF No. 146, PageID.522.  In June 2024, the Court issued an emergency warrant for Defendant's arrest for a supervised release violation.  ECF No. 104.  Defendant's case was subsequently reassigned to the undersigned in July 2024, and the Court revoked Defendant's supervised release and sentenced him to a term of 12 months and 1 day of incarceration, followed by an additional 12 months of court supervision.  ECF No. 113; ECF No. 146, PageID.522.  In November 2025, the Court issued another warrant for Defendant's arrest when his probation officer filed a violation report alleging that Evans had violated the conditions of his supervised release by committing additional crimes: burglary and possession of stolen property.  *Id; see also* ECF No. 147.

After a supervised release violation hearing, the Court sentenced Defendant to an additional 12-month custodial sentence for the new violations, which Defendant unsuccessfully appealed to the Sixth Circuit.  *United States v. Evans*, No. 25-2143, slip op. (6th Cir. Apr. 2, 2026), Dkt. No. 23.  Defendant now moves this Court to grant another reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) based

2

on the respective deaths of his mother and father shortly before and during his current term of incarceration.  *See* ECF No. 161, PageID.554-555.  For the foregoing reasons, the Court finds that the § 3582(c)(1)(A) factors are not met here, and accordingly, denies the Defendant's motion.

## II.

A defendant may move for reduction of sentence, commonly known as compassionate release, under § 3582(c)(1)(A) only after either fully exhausting all administrative rights or 30 days after submitting a request to the warden.  *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).  This requirement is a mandatory claim-processing rule that must be enforced when properly invoked.  *Id.*

Following a determination regarding administrative exhaustion, courts turn to the three-step test established under § 3582(c)(1)(A).  The Court must determine (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) "whether such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[;]" and (3) the Court must consider the factors set forth in § 18 U.S.C. § 3553(a) to determine "whether a reduction is warranted in whole or in part under the particular circumstances of the case."  *See United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020).  Following the enactment of the First Step Act in 2018, the policy statement in U.S.S.G. § 1B1.13 is not binding for motions filed by defendants, rather than the BOP, and courts may skip the second step of the

analysis. *Jones*, 980 F.3d at 1109.  However, if any one of the three requirements is not satisfied, the Court may deny the motion without addressing the remaining factors. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

## III.

### A.    EXHAUSTION

Defendant has not demonstrated that he requested compassionate release from the BOP or that he either exhausted his administrative remedies or waited 30 days after submitting such a request. Where a defendant fails to provide evidence of exhaustion, denial is required. *See United States v. Lawrence*, 609 F. Supp. 3d 544, 548 (E.D. Mich. 2022).  Accordingly, Defendant's motion may be denied on this basis alone.

### B.    EXTRAORDINARY AND COMPELLING REASONS

Even if Defendant had satisfied the exhaustion requirement, he has not demonstrated an extraordinary and compelling reason warranting a sentence reduction.  Defendant argues that his family circumstances justify compassionate release.  ECF No. 161, PageID.554-555.  Although the Court does not doubt the seriousness of Defendant's concerns, such circumstances are not extraordinary.  This Court has consistently held that family hardship, including the need to see to other family members' personal matters, does not constitute an extraordinary and compelling reason for release. *See United States v. Knuckles*, 614 F. Supp. 3d 534,

4

536 (E.D. Mich. 2021) (denying release where defendant's fiancée was incapacitated and no other caregiver was available and holding that difficult family circumstances "do not constitute an extraordinary and compelling reason" for sentence reduction); *see also Lawrence*, 609 F. Supp. 3d at 549 (holding that difficulties in caring for children and loss of a caregiver are not extraordinary). Defendant's present circumstances, while sympathetic, are common consequences of incarceration and therefore do not rise to the level of "extraordinary and compelling."

Moreover, to the extent Defendant relies on general hardship or rehabilitation, those arguments also fail. Rehabilitation alone cannot constitute an extraordinary and compelling reason for release. *See* 28 U.S.C. § 994(t); *Lawrence*, 609 F. Supp. 3d at 550. Nor does the general desire to return to one's family or improve one's circumstances distinguish Defendant from other incarcerated individuals. Even considered collectively, Defendant's asserted reasons do not satisfy the standard. The combination of non-extraordinary factors does not transform them into an extraordinary and compelling justification for release. *See Lawrence*, 609 F. Supp. 3d at 550. Accordingly, Defendant has failed to satisfy the first step of the compassionate release analysis. While the Court is not required to do so, it will proceed to the third step in the analysis to demonstrate additional reasons that warrant denial of Evans' motion.

5

## C.   SECTION 3553(a) FACTORS

Finally, the § 3553(a) factors do not support a sentence reduction.  Defendant was convicted of a serious drug offense and subsequently came back before the Court on two separate occasions for violating his supervised release provisions. Most recently, because he aided and abetted a co-assailant in burglarizing a party store, and was later found in possession of lottery tickets stolen from that store.  ECF No. 167, PageID.633.  The Court's sentence reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.   18 U.S.C. § 3553(a)(2)(A).  And the Court finds no reason to suggest that any factors underlying these considerations have materially changed.

Additionally, the Court must consider the need for deterrence and protection of the public.  18 U.S.C. §§ 3553(a)(2)(B), (C).  Reducing the Defendant's sentence would undermine these objectives, as the Defendant has shown that supervision alone is insufficient to deter criminal activity and, thus, the continuation of his custodial sentence is necessary to protect the public.  Further, Defendant has not demonstrated that the Court's original balancing of the § 3553(a) factors, presumed to remain valid, would be different today. *See Lawrence*, 609 F. Supp. 3d at 550.

Accordingly, the § 3553(a) factors weigh against granting compassionate release.

## IV.

For these reasons, Defendant's Motion for Compassionate Release (ECF No. 161) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 8, 2026                          s/Brandy R. McMillion
      Detroit, Michigan                          HON. BRANDY R. MCMILLION
                                          United States District Judge